Anthony J. Cekrato, J.
Petitioner in this habeas corpus proceeding was on parole from the Bedford Hills Correctional Facility where she was committed after conviction in 1971. She was arrested on June 13,1972 for an alleged parole violation and was held in the Erie County Jail. On or about August 1, 1972, petitioner was taken to the Albany County Jail and on August 7, 1972 petitioner was transferred to the Bedford Hills Correctional Facility as a violator to await the action of the Parole Board (Correction Law, § 212, subd. 7). On August 22, 1972 she appeared before the Parole Board and was advised of the charges against her. 'Petitioner’s counsel objected to the hearing, said objections being overruled. ..The result of the hearing was that two of the four charges* were sustained and petitioner’s parole was revoked.
*922 The parolee relies in the writ for release upon the denial to her of the dual constitutional rights (i.e. preliminary hearing and revocation hearing as same relate to parolees) proclaimed on June 29, 1972" by the United States Supreme Court in the case of Morrissey v. Brewer (408 U. S. 471). As it hereafter will be referred to, Morrissey (supra) is crystal clear in its import, the guidelines therein ^set forth and its applicability to parole revocation hearings. In holding that the full panoply of rights due defendant in a criminal prosecution does not apply to parole revocations, the court held that the Parole Board must follow due process of law; listed the exact steps necessary for the board to follow and stated that they are applicable to future revocations of parole.
Thus, from June 29,1972 on, petitioner by virtue of the impact of Morrissey became entitled to a preliminary hearing as the same is delineated and discussed by the United States Supreme Court. This she did not get. Furthermore, and based upon the record before this court, it cannot even be stated that she received due process at the hands of the Parole Board. Neither she nor her attorney received notification of the charges until one day prior to the hearing. She did not have the opportunity to be confronted by or cross-examine adverse witnesses nor was she informed of the evidence relied on and the reasons for revoking parole. In fact, all of the evidence adduced against /petitioner herein was hearsay and it was upon such hearsay that the charges were sustained.
Even a rudimentary sense of justice compels a determination that the due process rules of Morrissey apply to petitioner. (People ex rel. Menechino v. Warden, 27 N Y 2d 376.) Her arrest was two weeks prior to Morrissey. As of June 29, 1972 nothing had transpired vis-a-vis petitioner and the Parole Board. Surely a preliminary hearing could have been held between the time Morrissey was decided and petitioner transferred to the Albany County Jail. Even assuming, arguendo, that said hearing could not have taken place in this period, the petitioner was entitled to a revocation hearing in accordance with the standards of Morrissey. This too she did not receive.
Upon the facts as herein presented this court is of the opinion that ordering a new parole hearing is not the solution to the problem at hand. (People ex rel. Maggio v. Casscles, 28 N Y 2d 415; People ex rel. Van Burkett v. Montanye, 70 Misc 2d 907.)
In addition to the delay inherent in so ordering, under Morrissey, a preliminary hearing would have to be held at the place where the alleged violations took place and then a second full. *923 hearing before the Parole Board. During this time petitioner would remain in jail, for she cannot be released on bail pending a parole hearing (People ex rel. Little v. Monroe, 38 A D 2d 398; People ex rel. Van Burkett v. Montanye, supra).
The only fair and just thing to do is to restore petitioner to parole under the same restrictions and conditions of parole as they existed prior to the alleged violation. Accordingly, petitioner is to be restored to parole under the conditions existing at the time of her original release.

 The four charges were:
1. Petitioner “ uttered ” three worthless checks.
2. Petitioner had been engaged in illicit sex relations.
3.,petitioner failed to comply with written and verbal instructions directing her to report weekly.
4. Petitioner constitutes a severe menace to herself and to society.
Charges 1 and 3 were sustained.