THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP GAMBINO, Appellant, *v.* WARDEN OF THE CITY PRISON OF THE CITY OF NEW YORK, Respondent.

First Department, February 14, 1974.

*David M. Markowitz (Conrad F. Ferrigno* with him on the brief), for appellant.

*Margery Evans Reifler* of counsel (*Samuel A. Hirshowitz* with her on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

STEUER, J. The relator in this habeas corpus proceeding was convicted of burglary in 1964. He was paroled in February, 1971. On May 3, 1972, his parole was revoked and, after a hearing on June 29, 1972, he was declared delinquent. Thereafter he sued out a writ of habeas corpus. The issue on the return of the writ was whether relator was accorded due process on the hearing which declared him delinquent.

Respondent's first contention is that the hearing was prior to the decision of the United States Supreme Court in *Morrissey* v. *Brewer* (408 U. S. 471) and that as the decision is prospective only the guidelines or rules therein laid down do not apply. Actually the hearing was held on the same day that the *Morrissey* decision was handed down, and we would agree that this case should be considered as one processed before the decision was rendered. However, the reasoning that the decision is not applicable confuses a decision with a statute. While a statute is usually prospective, a decision announces the law as it is. It is true that a court of last resort in declaring what procedures

are to be regarded as due process not infrequently indicates that decisions theretofore made will not be upset for failure to conform. However, this pragmatic method of handling situations is not absolute. Where the procedure condemned constitutes a basic denial of due process it may well be applied to procedures held before the statement of rules by the court.

We turn now to what took place at the hearing. Relator was represented by counsel and his counsel was duly informed as to the specifications charged as violations. There were three violations, but relator was only found to be delinquent as to two of these — consorting with a known criminal and leaving the City of New York without seeking permission from his parole officer. Under the particular circumstances there can be no question that these violations, which may appear technical, could well warrant the action taken by the respondent. The procedure adopted by the board, through its hearing officer, was to read the specifications of the charge to relator, make sure that he understood what was read to him, and ask for his comment.

So far the procedure appears unexceptional. If the parolee admits the facts it would appear that no formal proof would be required. Here the relator, through his counsel, denied that he knew the person (one Yacovelli) he was charged with associating with was a criminal, and flatly denied that he had left the City of New York or was present in Nyack on the occasion charged. His counsel also argued that the allegations of the charges were inherently improbable. At this point it is beyond cavil that an issue was raised. Nothing further transpired, and the board decided the issue against the relator, perforce on the information supplied to it and contained in the specifications of the charges.

Even before *Morrissey* our Court of Appeals held that provisions in the Correction Law which violated due process in a revocation proceeding were not constitutional (*People ex rel. Menechino* v. *Warden,* 27 N Y 2d 376). There the only claim of lack of due process was the denial of the right to counsel. The court, however, had this to say in regard to other possible claims of denial of due process: '' It is difficult, if not impossible, to anticipate all the questions that may arise to confront the Board of Parole and the courts — and we shall not even attempt to address ourselves to them. We prefer to have them answered as they are actually presented on a case-by-case basis.'' (p. 383.) Among the basic requirements set out in *Morrissey* was: '' (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds

good cause for not allowing confrontation) ". (*Morrissey, supra,* p. 489.) We entertain no doubt that had this question arisen in New York prior to *Morrissey* it would have been resolved the same way pursuant to the reservation quoted above from *Menechino*.

Both *Morrissey* and *Menechino* are careful to iterate that a revocation hearing is not and need not be a full fledged trial. Even certain rights such as confrontation may be dispensed with if necessity so indicates. And the calling of witnesses is specifically limited to the precise factual issue of the stated violation.

In view of this respondent urges that the relator never asked that the witnesses to the claimed violations be produced. While the record shows no such specific request, a careful reading indicates that this was inherent in counsel's presentation. He repeatedly questioned the accuracy of the report and the factual specifications of the charges. We recognize the desirability of limiting revocation hearings to the essentials enabling the board to determine whether there has been a violation and, if so, the nature of it; nor do we intend to prescribe that a prima facie case of violation must be made out on common-law proof before the board can decide. The requirements in large measure will depend on the course that the particular hearing takes. In this case we are holding that the facts alleged in the report were specifically denied and, as a consequence, the report itself was insufficient as evidence on which the board could make a ruling.

Judgment entered June 21, 1973, Supreme Court, New York County (POSTEL, J.) dismissing writ of habeas corpus should be reversed on the law and writ sustained to the extent of remanding the matter of revocation of parole to the Board of Parole for a new hearing.

MARKEWICH, J. P., NUNEZ and MURPHY, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 21, 1973, unanimously reversed, on the law, and writ sustained to the extent of remanding the matter of revocation of parole to the Board of Parole for a new hearing.