Irving Goldman, J.
Morrissey v. Brewer (408 U. S. 471) established minimum requirements to meet the test of “ due process ” in parole revocation proceedings for State prisoners. Among these is the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
In August, 1971, petitioner Sammarco was paroled from Clinton Correctional Facility and permitted to leave New York to join his family and seek employment in Florida. He had served some 13 years of a 20 year to life sentence for murder, second degree. In May, 1973, he was returned to New York for alleged violation of his parole conditions in Florida following a “ preliminary ” hearing in January, 1973 in Florida. On August 1, 1973, his parole was revoked after a “ full ” hearing at Ossining Correctional Facility. By using habeas corpus procedure, the petitioner properly challenges the validity of his parole revocation contending that he was denied “ due process ” at both the preliminary hearing and trial hearing stages of the revocation proceedings. (People ex rel. Menechino v. Warden, Green Haven State Prison, 27 N Y 2d 376; People ex rel. Maggio v. Casscles, 28 N Y 2d 415; People ex rel. Silbert v. Cohen, 29 N Y 2d 12.)
Counsel was assigned to represent Sammarco at his revocation hearing in Ossining. The hearing minutes reflect that Commissioner Jones addressed assigned counsel with these remarks: “ Now, Judge Levine, we admit this copy of the violation reports in evidence and this is an interstate compact supervision case and as a result it is not possible for us to have supervising parole officers from Florida to come up here, so we have to accept the report itself as our evidence.” (Italics supplied.)
The court has reviewed the violations report prepared by the Florida Interstate Compact Parole Officers and used by the hearing board in making its determination. From the material it contains, their decision in revoking Sammarco’s parole can hardly be gainsaid. Nonetheless, assigned counsel’s response to Commissioner Hirsch’s reference to the board’s reliance on the report that “ we are not able to crossexamine a document ” is telling.
The principal charge against the petitioner to which all the others are satellite, is his alleged threat upon the life of his girl friend. Should this be without substance, other charges alleging the purchase of a machete without prior permission (presumably to carry out the threat), her harassment, his disobedience *884 of the order not to see her, and the alleged theft of her dog would be suspect.
The petitioner denied the most serious charges at the hearing, admitting two minor ones with plausible explanation. He argues that confrontation and cross-examination of his accuser and other witnesses would reveal that he was the victim of a scorned woman’s fury.
Resolution of such contradictions without confrontation of accuser by accused would appear wholly in contravention of both the spirit and letter of Morrissey v. Brewer (supra) and especially here where it was denied at both the preliminary and full revocation hearings. Nor can I find that meaningful confrontation was provided at the preliminary hearing in Florida relative to the charge of stealing his girl friend’s dog— a charge eventually dismissed for failure to prosecute. That hearing preceded the parole revocation process and could hardly be considered the confrontation envisioned by the Supreme Court in Morrissey. This court will follow the reasoning of the First Department in People ex rel. Gambino v. Warden of City Prison of City of N. Y. (43 A D 2d 400, 403) which in reviewing a parole revocation hearing where a factual issue was raised and no witnesses were produced, held that: “ the facts alleged in the report [report of parole violation] were specifically denied and, as a consequence, the report itself was insufficient as evidence on which the board could make a ruling.” (To the same effect, see People ex rel. Angell v. Lynch, 71 Misc 2d 921.)
The parole board is faced with a problem: how to conduct a meaningful revocation hearing on parole violations alleged to have taken place outside the State involving out-of-State witnesses. The Supreme Court did not consider it insurmountable as indicated in Gagnon v. Scarpelli (411 U. S. 778[1]). Petitioner has been in Florida under Hew York’s Interstate Compact provisions providing for the supervision and incarceration of out-of-State parolees and probationers. (Correction Law, § 224-a.) Paragraph (e) of subdivision 1 of that section provides that a hearing to which a parolee may be entitled by the laws of the sending State may be had “ before the appropriate judicial [and] administrative officers of the [sending] state.” Hor is the problem novel having already been foreshadowed in People ex rel. McLucas v. Oswald (40 A D 2d 311, 315). There *885 the Appellate Division for this department referring to a New York parolee paroled to North Carolina, and detained in Connecticut on a parole detainer, concluded that the appellant should be granted “ his Morrissey hearings by employment of the procedure provided in paragraph (e) of subdivision 1 of section 224-a of the Correction Law, which is designed for just a situation as this.”
The failure to provide the required confrontation is conclusive of the invalidity of the revocation hearing. In view of this conclusion, it is unnecessary to review petitioner’s complaint that the preliminary hearing was inadequate or that the hearing was untimely held.
With the availability of the Interstate Compact procedure, there should be no difficulty in providing for the taking of the testimony of witnesses adverse to the petitioner in Florida, if not New York. Counsel could be assigned to conduct cross-examination and a transcript of those proceedings made available to petitioner and his assigned counsel at a new hearing in New York, if not held in Florida.
Accordingly, the writ is sustained to the extent that the matter of revocation of parole is remanded to the board of parole for a new revocation hearing to be held within 90 days from entry of the order hereon where adverse witnesses to the petitioner shall be produced where possible, and cross-examination of them be permitted; or in lieu thereof, where a transcript of such testimony and cross-examination taken outside the State should be incorporated in the evidence for consideration by the parole board. Should a new hearing not be held within the said 90 days, then the petition shall be granted to the extent of returning the petitioner to parole status.
Since the petitioner is without counsel, the Attorney-General is directed to prepare the order in accordance herewith.

. The court (p. 782, n. 5) noted the argument that Morrissey imposed a practical problem where the parolee is allowed to leave the State o£ his conviction but commented that “ some amount of disruption inevitably attends any new constitutional ruling.”