■    In the Matter of PAUL PAULSEN, Respondent, v. NEW YORK STATE BOARD OF PAROLE, Appellant.—In this proceeding pursuant to article 78 of the CPLR to compel the State Board of Parole to vacate its determination revoking petitioner's parole, after a final revocation hearing, to restore him to parole supervision and for related relief, the appeal is from a judgment of the Supreme Court, Westchester County, entered July 8, 1974, which, *inter alia,* annulled the determination and restored petitioner to parole supervision. Judgment reversed, on the law, without costs, petition dismissed and determination confirmed. On May 15, 1970 petitioner was convicted of grand larceny in the second degree and sentenced to an indeterminate prison term not to exceed five years. On August 31, 1971 he was convicted in a Federal court

of perjury and was sentenced to a term of four years, to be served consecutively to said State indeterminate sentence. On January 20, 1972, having been granted parole on the State sentence, petitioner was released from State custody to a Federal warrant. He was then incarcerated in Federal prison, where he remained until April 17, 1973, at which time he was released to a Federal halfway house in New York City, where he remained until July 16, 1973, at which time he was placed on Federal parole. Thereafter, petitioner reported to a Federal parole officer and he claims he informed the latter of his having been questioned by New York City and Rhode Island police. Although upon his release from State prison he signed conditions of parole, in which he promised to report to the New York State Division of Parole after his release from Federal authorities, he never, in fact, did so report. On August 7, 1973 petitioner was taken into custody pursuant to a New York State parole violation warrant. A final parole revocation hearing was conducted on December 18, 1973, at which time 2 of 11 parole violation charges were sustained (Charges Nos. 1 and 10), Charge No. 1 alleged that petitioner had failed to make his arrival report to the New York Parole Office on July 17, 1973. Charge No. 10 alleged that petitioner had failed to notify his parole officer that after his release on parole he was interviewed by detectives of the New York City Police Department and officers of the Rhode Island State Police. These charges constituted alleged violations of provisions 1 and 12, respectively, of petitioner's certificate of parole, dated and signed by him on January 19, 1972. On December 19, 1973 appellant revoked petitioner's parole and directed that he be denied parole release consideration until July, 1974. Petitioner then instituted the instant proceeding. Special Term found that although there was "sufficient evidence in the record to indicate that the petitioner was aware of his obligation to report," still, the penalty imposed by the Parole Board was disproportionate to his offense. Accordingly, Special Term (1) vacated the Parole Board's determination, (2) canceled the declaration of delinquency, (3) restored petitioner to parole supervision and (4) vacated the parole warrant lodged against him. It has long been recognized that actions taken by the Parole Board, whether to grant or revoke parole, "shall be deemed a judicial function and shall not be reviewable if done in accordance with law" (Correction Law, § 212, subd. 10; *People ex rel. Menechino* v. *Warden, Green Haven State Prison,* 27 N Y 2d 376, 380; *Matter of Hines* v. *State Bd. of Parole,* 293 N. Y. 254; *People ex rel. Smith* v. *Deegan,* 32 A D 2d 940, 941; *People ex rel. Di Lorenzo* v. *Fay,* 13 A D 2d 1034, mot. for lv. to app. den. 10 N Y 2d 707; *Matter of Mummiami* v. *New York State Bd. of Parole,* 5 A D 2d 923, 924, mot. for lv. to app. den. 5 N Y 2d 709, mot. for rearg. den. 7 N Y 2d 756, cert. den. 362 U. S. 953; cf. *Arthurs* v. *Regan,* 69 Misc 2d 363, and *Matter of Tinsley* v. *New York State Bd. of Parole,* 73 Misc 2d 289). Thus, as long as the Parole Board, in the exercise of its discretion, does not run afoul of statutory mandates or violate procedural due process, its determinations should remain free from judicial review. Any departure from the long-established precedent regarding the reviewability of lawful determinations of the Parole Board must come from the Legislature. To permit judicial intereference with what has heretofore been a function lying almost exclusively within the sound discretion of the Parole Board may easily result in the "superintending" of the parole system by the courts, a function which they are neither readily capable of handling nor qualified to handle (*Hyser* v. *Reed,* 318 F. 2d 225, 240, cert. den. *sub nom. Jamison* v. *Chappell,* 375 U. S. 957). The certificate of release on parole, signed by petitioner, clearly sets forth the conditions of his release and the rules he agreed to follow while on

parole. Special Term found, *inter alia,* that there was "sufficient evidence in the record to indicate that the petitioner was aware of his obligation to report" to the State parole authorities, as above stated, but chose not to do so to suit his own purposes. While it may be urged that the failure to report the questioning by law enforcement officials constituted a mere technical violation, the failure to initially report to State parole officers is clearly a serious violation and goes to the heart of parole supervision. Since petitioner was well aware of the consequences of his violations, the action of the Parole Board does not constitute cruel or inhuman punishment. The procedural requirements listed in *Morrissey* v. *Brewer* (408 U. S. 471) were followed by the Parole Board and even if the violations could be considered technical, they authorized the action taken by the Parole Board (see *People ex rel. Gambino* v. *Warden of City Prison of City of N. Y.,* 43 A D 2d 400, 402). Accordingly, the determination of Special Term should be reversed, the petition dismissed and the determination of the Parole Board confirmed. Gulotta, P. J., Martuscello, Latham and Shapiro, JJ., concur; Hopkins, J., concurs in result, with the following memorandum: I agree that the determination of the Parole Board as to the effect of the violation of the conditions of parole should not be disturbed by this court. However, in my view, the Parole Board should give careful consideration to petitioner's release on parole at its next session, at which time petitioner's application should be taken up.