Joseph G. Fritsch, J.
This article 78 proceeding is brought to review the determination of the New York State Board of Parole.
The petitioner, while on parole, was arrested on March 3, 1974 and charged with assault in the second degree upon his *106 wife. The charges were ultimately dropped by the prosecution due to her failure, as the complaining witness, to appear at the preliminary hearing. Petitioner was, however, charged with violation of his parole, and respondents did find, in fact, that the petitioner had violated the conditions of his parole at the revocation hearing.
The petitioner contends that failure to produce adverse witnesses, which he had requested be produced at the final parole revocation hearing, is a violation of his due process rights. He complains that the only witness appearing was his parole officer who had no personal direct knowledge of any of the allegations of violation. Respondent contends that in this administrative hearing, petitioner could have produced his own witnesses if he so desired.
After reviewing the reports and transcript of the revocation hearing, it appears that the petitioner was not afforded the minimum requirements of due process. When counsel for petitioner requested the appearance of adverse witnesses well in advance of the hearing, he put the respondents on notice that he intended and wished to confront the witnesses against him in order to dispute the charges of violation.
The allegations of violation as presented by the parole officer absent corroboration did not afford the petitioner the opportunity to refute the allegations and confront the same witnesses. The United States Supreme Court declared in Morrissey v Brewer, 408 US 471, that the petitioner had the right to confront adverse witnesses and cross-examine them at a revocation hearing. His constitutional right to due process entitles him to rebut the evidence and testimony as presented by adverse witnesses.
By denying the allegations of violation petitioner created an issue to be determined by the respondent producing the testimony of adverse witnesses which would substantiate the charges. The court in People ex rel. Gambino v Warden of City Prison of City of N. Y. (43 AD2d 400, 403) stated as follows: "The requirements in large measure will depend on the course that the particular hearing takes. In this case we are holding that the facts alleged in the report were specifically denied and, as a consequence, the report itself was insufficient as evidence on which the board could make a ruling.” (See, also, People ex rel. Sammarco v Le Fevre, 78 Misc 2d 882.)
The respondents’ decision made at the final hearing revok *107 ing parole is reversed and petitioner is granted a new final parole revocation hearing to be held within 90 days from the entry of the order herein. At such hearing the respondents are to produce all witnesses whose testimony will be relied upon in proving the charges against him, in order to afford the petitioner the opportunity to confront and cross-examine said witnesses.