■ In the Matter of CHARLES WHITE, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant.—In a proceeding pursuant to CPLR article 78

to (1) review appellant's determination dated August 29, 1974, made after a hearing, which revoked petitioner's parole and (2) cancel the declaration of delinquency made by appellant, the appeal is from a judgment of the Supreme Court, Westchester County, dated April 22, 1975, which granted the petition and annulled the declaration of delinquency. Judgment reversed, on the law, without costs, petition dismissed on the merits, and determination confirmed. Special Term, in granting the relief sought in the petition, stated, *inter alia,* that "the third-party statements [of the parole officer] constituted hearsay evidence" and lacked "sufficient probative value to sustain findings which formed the basis for parole revocation." It also found that petitioner had not been given an opportunity to cross-examine material witnesses. We do not agree. Petitioner's own testimony was that he "withdrew" from school, albeit under a special arrangement with his teachers. He did not contradict the parole officer's testimony that he had not relayed this special arrangement to the parole officer. Rather, he controverted the officer's knowledge about his financial situation. Again, it was petitioner's own testimony that he had absented himself from his residence, although only on two nights. "The calling of witnesses is specifically limited to the precise factual issue of the stated violation" *(People ex rel. Gambino v Warden of City Prison of City of N. Y.,* 43 AD2d 400, 403). The failure to call the college registrar and assistant registrar, in the light of the record before us, cannot be deemed a denial of an opportunity to cross-examine a material witness on the issue. We hold also that the finding of a technical violation of petitioner's conditions of parole respecting residence has some rational basis, excluding entirely the gratuitous statements of the complaining witness on the criminal charges, who was not available for cross-examination. Common-law standards of proof do not pertain at a parole revocation hearing *(Morrissey v Brewer,* 408 US 471, 489). The judicial standard of review to be applied is rationality (cf. *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 231). It is not necessary that our judgment on the facts presented be the same as that of the parole board, so long as the evidence is sufficient to make the determination neither arbitrary nor capricious and the proceeding not violative of due process *(Matter of Paulsen v New York State Bd. of Parole,* 46 AD2d 661). Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.