OPINION OF THE COURT
John W. Sweeny, J.
This is an article 78 proceeding in which petitioner seeks a *252 judgment annulling the June 7, 1978 determination of respondent whereby petitioner’s minimum period of incarceration before parole release consideration (MPI) was set at four years.
Petitioner’s initial conviction of the crime of criminal conspiracy in the first degree was reversed upon appeal (People v Russo, 57 AD2d 578). The crux of the appellate decision was the absence of any allegation in the indictment of the necessary overt act, as opposed to words, made in furtherance of the conspiracy to kill petitioner’s father-in-law. Petitioner was subsequently reindicted and convicted of the crime of criminal solicitation in the first degree. He was sentenced to an indeterminate sentence of four years.
Pursuant to subdivision 1 of section 259-i of the Executive Law, the petitioner appeared before the Board of Parole for a hearing to set his MPI.
The mechanics of establishing an MPI (Minimum Period of Imprisonment) are set forth in certain guidelines published by respondent which are based only on (1) the severity (level) of the crime, and (2) the past criminal history of an inmate. However, the tables reflecting these two factors are only a guide and the board is directed to consider the many circumstances of each individual case (9 NYCRR 8001.3).
Petitioner had no prior criminal history; therefore, his case was entitled to the highest position (lowest MPI) on the criminal history scale of the grid used by the respondent board. The dispute in this proceeding has its primary root, however, in respondent’s determination of the proper severity level of petitioner’s criminal conduct.
For each of seven levels of severity (Level 1 containing the most severe crimes and Level 7 the least severe), certain representative offenses are specified in respondent’s guidelines, e.g., for Level 1, homicide and kidnapping, for Level 7, reckless endangerment and possession of marihuana.
Section 3.00(b) of respondent’s guidelines indicates that if the particular criminal conduct is not listed therein, such as is the case with petitioner’s offense, the proper level may be obtained by comparing its severity with those of similar offenses listed. In those cases where an offense had not been consummated, section 3.00(d) mandates that an "attempt or conspiracy” to commit that offense shall be assigned to the next less serious offense level to that in which the consummated offense is specified.
*253 Respondent placed petitioner’s crime in Level 2. In its defense to this proceeding, the board indicates that this decision was based on the "conspiracy” provisions of section 3.00(d), i.e., conspiracy to commit intentional homicide must be placed in the level of offense immediately below intentional homicide, to wit: Level 2.
Respondent had no authority to resurrect in its administrative proceeding the crime of conspiracy after the Appellate Division had vacated petitioner’s plea and dismissed his indictment for this crime (People v Russo, 57 AD2d 578, supra). Petitioner was reindicted and pleaded to the distinctly different and less serious offense of criminal solicitation, and it is this offense which had to be considered by the respondent. Since the offense was not a conspiracy, and not one specifically enumerated in the guidelines, the provisions of section 3.00(b) and not subdivision (d) should have been used by respondent and a comparison made with similar offenses listed.
Since the respondent board based its deliberations on an incorrect classification of the offense, it thereby premised its conclusions on the wrong section of its own regulations and its June 7, 1978 determination must be annulled.
While the respondent indicates that its decision was based on factors outside the guidelines, which it was permitted to do by its own regulations, the reasons for such a determination are bald conclusions and do not comply with requirements of section 1.00(d) of its regulations. Therefore, even if the decision in question was not premised, as it is, on a clearly erroneous offense level, it would have to be annulled for failure to comply with the provisions of respondent’s regulations as well as those of section 259-i (subd 1, par [a]) of the Executive Law which require detailed reasons for decisions. No rationale similar to that relied on in People v Burke (39 NY2d 729) can be used to salvage respondent’s omission in this case.
Assuming, arguendo, that the respondent’s decision was otherwise free from substantial error, its determination cannot stand since its conclusion to establish petitioner’s minimum sentence the same as his maximum sentence destroys the intent of the Legislature when it provided for indeterminate sentences.
Upon remand, the respondent may not set petitioner’s MPI in excess of one third of the maximum sentence imposed by the court. In serious B, C and D felony cases, the court may, if *254 it believes that the ends of justice and best interests of the public will be served, fix a minimum sentence. However, even where the court exercises its discretion to impose a minimum sentence, it may not exceed one third of the maximum term imposed (Penal Law, § 70.00, subd 3, par [b]). There appears to be no authority for a Parole Board to exceed the restrictions imposed by the Legislature upon the sentencing court. The enactment provides that even in those more serious cases, a class D felon may not be given a minimum sentence exceeding one third of the maximum term imposed (cf. People v Ford, 57 AD2d 718). This restriction should apply regardless of what entity, court or Parole Board, sets the minimum sentence.
However, it is not within the province of the courts to determine in the first instance the "level” in which the respondent must place petitioner’s crime. This is a function given by the Legislature to the respondent in recognition of its expertise in this area. Therefore, that aspect of the petition which seeks imposition of restrictions regarding levels which respondent can consider upon remand is denied.
Accordingly, the June 7, 1978 decision is hereby annulled and the matter is remanded to the respondent for a new hearing in accordance with this decision before a different panel within 15 days of the date of service of a copy of this decision/judgment with notice of entry.