OPINION OF THE COURT
Louis B. Scheinman, J.
Petitioner proceeds pursuant to CPLR article 78 for a judgment directing respondent to furnish petitioner with a new minimum period of incarceration (MPI) hearing.
Petitioner is currently serving an indeterminate sentence of five years for a conviction for criminal possession of a weapon, third degree, a class D felony. Since the sentencing court did not impose a minimum term, respondent board held a hearing pursuant to subdivision 1 of section 259-i of the Executive Law in July, 1978 and set his MPI at 38 months. The reasons given for this MPI were: "All reports and reported case factors including the seriousness of risk of injury inherent in conduct like that for which Mr. Cherry now serves time.” The instant MPI is within the guidelines established pursuant to subdivision 3 of section 259-c of the Executive Law. Petitioner has taken an administrative appeal of respondent’s determination and said determination has been upheld.
Petitioner contends that respondent’s determination is unjustified in that respondent allegedly judged petitioner’s MPI on crimes for which he was indicted but not convicted. Petitioner also contends that since the MPI he received makes him eligible for parole only after his conditional release date, he has been effectively denied parole without consideration of all of the factors, including his institutional record, which would be considered at a parole hearing. Petitioner also contends that the reasons given for his MPI are insufficient. Respondent maintains its determination is based upon proper criteria and factors and should not be disturbed. Procedural objections have been withdrawn.
Petitioner was originally indicted for attempted murder, attempted robbery and reckless endangerment along with the weapons charge for which he was convicted. The other three counts of the indictment were dismissed. At the MPI hearing, petitioner was questioned about acts relating to the three dismissed charges. The source of the questions posed to petitioner were three separate statements given by petitioner to probation officers and which statements were included in *1066 petitioner’s presentence probation report. The transcript of the MPI hearing reveals that the hearing officer was not satisfied with petitioner’s explanation of his conduct concerning the incident giving rise to the indictment, nor was he satisfied with the contradictions between petitioner’s testimony at the hearing and the statements given by petitioner to the probation agency. Upon review, it cannot be said that respondent’s judgment of petitioner’s version of the facts was arbitrary or capricious.
An issue to be determined is whether or not respondent had the authority to give consideration, in setting petitioner’s MPI, to the alleged conduct and circumstances regarding the three dismissed counts of the indictment. The statutory guidelines to be used in setting an MPI include "(i) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court, the district attorney, the attorney for the inmate, the pre-sentence probation report as well as consideration of any mitigating and aggravating factors, and activities following arrest and prior to confinement; and (ii) prior criminal record, including the nature and pattern of offenses, adjustment to any previous probation or parole supervision and institutional confinement.” (Executive Law, § 259-i, subd 1, par [a].)
In light of the above statutory guidelines, it would appear that an MPI determination based, even in part, on conduct giving rise to crimes which are dismissed against a defendant, would be improper. (See Matter of Russo v New York State Bd. of Parole, 98 Misc 2d 251.) However, in the instant case, the source of the questioning at the MPI hearing was petitioner’s own statements in his presentence probation report, which statements were at variance with his testimony at the MPI hearing. Since consideration of a presentence report and any mitigating and aggravating factors is mandated by statute, respondent’s determination was in all respects lawful and based on a reasonable foundation, and may not be interfered with by this court. (Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21; Matter of Paulsen v New York State Bd. of Parole, 46 AD2d 661; Executive Law, § 259-i, subd 5.)
Petitioner’s second contention is that he was in effect denied parole by the length of his MPI without a consideration of additional factors, specifically his institutional record, which would be considered at a parole release hearing. While petitioner will not be eligible for parole until the expiration of *1067 his MPI, consideration of institutional record is not specified in the guidelines for fixing an MPI (Executive Law, § 259-i, subd 1, par [a]). The reason for not considering the institutional record in the current confinement is apparent when considering that said statute requires the MPI hearings to be held within 120 days after the prisoner is received in a State institution. The institutional record may later be considered should the board make a subsequent determination to reduce the MPI, which it has the authority to do under the statute.
A more serious question is raised by petitioner in arguing that the respondent may not set an MPI at a period greater than one third of the maximum sentence, where there has been an indeterminate sentence for a first felony offender, and no minimum has been fixed by the sentencing court. Since in such cases the sentencing court may not fix the minimum period of imprisonment higher than one third of the maximum, petitioner argues, how could the law permit the respondent such authority, especially in light of the statutory silence on the subject? Petitioner cites Matter of Russo v New York State Bd. of Parole (supra) for the principle that the respondent may not set an MPI at greater than one third of the maximum in the case of a B, C, or D felony indeterminate sentence. This is a logical view in light of dealing only with the MPI, when the board can in any event, after consideration of the institutional record at a later parole release hearing, hold a prisoner for his maximum term, less good time earned.
However, this subject is entirely within the power of the Legislature, and this court believes that the Legislature has expressed its intent to empower the respondent to set the MPI at a longer term than one third of the maximum sentence, despite its limitation on such power in the sentencing court.
Section 70.00 (subd 3, par [b]) of the Penal Law provides that in the case of a class B, C or D felony where the court imposes a minimum period of imprisonment, such minimum shall not be more than one third of the maximum term imposed. However, paragraph (c) of subdivision 3 of said section provides: "In any other case, the minimum period of imprisonment shall be fixed by the state board of parole in accordance with the provisions of the correction law.”
Turning then to subdivision 2 of section 805 of the Correction Law, it is provided: "In any case where the minimum period of imprisonment is fixed, pursuant to this subdivision, at more than one-third of the maximum term, or at more than *1068 three years from the date the sentence commenced, whichever is less, such determination shall be deemed tentative and shall be reviewed by the entire board as soon as practicable.”
Thus, it can clearly be seen that the Legislature intended the respondent to have the power to fix the MPI at greater than the minimum which could be set by the sentencing court.
Section 259 of the Executive Law removed the respondent from the Department of Correction to the Executive Department and, accordingly, established certain new procedures. Although section 805 of the Correction Law has not been specifically repealed by other enactments (see transfer of functions and other provisions supplementary to L 1977, ch 904; L 1977, ch 904, §§ 4-17), the Legislature provided for the orderly transfer of the duties of the respondent, now covered under section 259 of the Executive Law.
Pursuant to subdivision 2 of section 805 of the Correction Law, the MPI could be fixed by any one or more members, requiring a full board membership approval in fixing the MPI beyond one third of the maximum term. There was no provision for administrative appeal. However, under the new duties of respondents, spelled out pursuant to the Executive Law, there is, automatically, and in all cases, the availability of review by administrative appeal (Executive Law, § 259-i, subd 4).
This court therefore holds that in the enactment of section 259-i of the Executive Law providing no limitation on the maximum MPI other than the maximum period of the indeterminate sentence, that the Legislature intended no such limitation, and that the respondent has the power to fix the MPI at greater than one third of the maximum term.
Lastly, the reasons given for the setting of petitioner’s MPI are sufficient. (Matter of Ittig v New York State Bd. of Parole, 59 AD2d 972; Matter of Gonzague v New York State Bd. of Parole, 58 AD2d 707; Matter of Consilvio v New York State Bd. of Parole, 57 AD2d 955.)
Accordingly, the petition is dismissed.