■ In the Matter of BOOKER TELEFARRO, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Chairman of the New York State Board of Parole to release petitioner to parole supervision, the appeal is from a judgment of the Supreme Court, Nassau County (Di Paola, J.), dated March 16, 1981, which modified a determination of the Board of Parole which had ordered that petitioner be reincarcerated, by directing that the petitioner be restored to parole on a date certain upon the condition that he

participate in an alcohol treatment program. Judgment affirmed, without costs or disbursements. On November 27, 1974, the petitioner was sentenced to a term of four and a half to nine years' imprisonment upon his conviction of manslaughter in the second degree. On June 24, 1980, the petitioner, then age 53, was conditionally released from custody. On July 2, 1980, he was arrested for alleged violations of his conditional release. The charges lodged against the petitioner stemmed from his (1) arrest for drinking in public, (2) failure to find a place to live, (3) failure to follow the instructions of his parole officer arising out of his cashing a check and handling of the proceeds, and (4) applying for public assistance. On September 16, 1980, a revocation hearing was held. The hearing officer recommended that the parole violation be sustained and that parole be revoked. However, he also recommended that the petitioner be scheduled to appear before the first available Parole Board for consideration of an alcohol treatment program. Commissioner Burke of the Board of Parole approved the recommendation and scheduled petitioner to meet the board as soon as possible for release consideration to an "in house AA treatment program with special no alcohol condition." On December 9, 1980, petitioner met the board for release consideration. The board determined to hold the petitioner an additional 19 months, stating that "overriding consideration must weigh in favor of community protection." Special Term, in directing that petitioner be restored to parole, noted that the board bore some responsibility for petitioner's misconduct, since at the time of his release from custody it made no provisions for treating his alcoholism. We agree. All the violations of parole against the petitioner arose, in essence, out of his drinking problem and concomitant inability to care for himself. None of the violations posed any serious threat to the community. Rather, the petitioner was more of a threat to himself than anyone else. Therefore, the board's finding that "overriding consideration must weigh in favor of community protection" was arbitrary and capricious. In fact, the violations committed by the petitioner serve to illustrate his inability to cope with his drinking problem and demonstrate the fact that the board was remiss when it originally released him without placing him in an appropriate alcohol treatment program. As this court stated in *People ex rel. Adams v Vincent* (63 AD2d 664, 664): "[T]he dislodging, under color of law, of a 54-year-old parolee with a severe problem of alcoholism from a controlled and sheltered surrounding, and allowing him to fend for himself in an environment which conceivably had contributed to his condition initially, had a very real and substantial relationship to the subsequent parole violation." Accordingly, Special Term properly exercised its discretion in directing, *inter alia,* that the petitioner be restored to parole on the condition that he be placed in an alcohol treatment program. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.