THE PEOPLE OF THE STATE OF NEW YORK ex rel. GARY ARENA, Respondent, v ANDREW P. MELONI, as Monroe County Sheriff, Respondent, et al., Appellant.

Fourth Department, May 22, 1987

APPEARANCES OF COUNSEL

*Edward J. Nowak (Yolanda Villa* of counsel), for appellant-respondent.

*Robert Abrams, Attorney-General (Charles Steinman* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

Lawton, J.

Relator was sentenced by Supreme Court, Monroe County, on May 19, 1980 and July 7, 1980 to two concurrent terms of imprisonment, each having a minimum of 3½ years and a maximum of 7 years, based upon convictions of the crimes of assault in the second degree (Penal Law § 120.05) and criminal possession of a weapon in the third degree (Penal Law § 265.02). The maximum expiration date of the above sentences was December 23, 1986. On May 9, 1986, relator was released to parole supervision from the Auburn Correctional Facility. As a requirement of his release, relator agreed to comply with various conditions.

On November 13, 1986, relator was arrested upon the authority of a "Warrant for Retaking and Detaining a Paroled or Conditionally Released Prisoner" issued by the New York State Board of Parole on November 10, 1986. The violation of release report served on relator after his arrest alleged that he had violated the conditions of his release by moving his residence to an unauthorized location on June 20, 1986 (charge No. 1); by failing to inform his parole officer of this move on June 26, 1986 (charge No. 2); and by being in possession of a stolen license plate on November 13, 1986 (charge No. 3).

A preliminary parole revocation hearing was conducted on November 24, 1986 in accordance with Executive Law § 259-i (3). Evidence adduced at this hearing revealed probable cause to support charge No. 3 that relator had violated rule 8 of the conditions of release by possessing a stolen license plate on the date of his arrest on the warrant. The Board of Parole elected not to produce any evidence with respect to charges No. 1 and No. 2.

On December 8, 1986, the Commissioner of the Board of Parole directed that relator be declared delinquent as of June 20, 1986, and that a final parole revocation hearing be scheduled. Such a declaration had the effect of interrupting rela-

tor's sentence as of the date of delinquency, thereby extending the maximum expiration date of his sentence beyond the original date of December 23, 1986 (Penal Law § 70.40 [3] [a]).

On December 29, 1986, relator sought a writ of habeas corpus pursuant to CPLR article 70. The gravamen of the petition was that relator was being illegally detained beyond his original maximum expiration date since the charge proven at the preliminary parole revocation hearing did not interrupt the running of relator's sentence because he was taken into custody on the date of delinquency. Upon the return of the writ, the court granted the relief requested in the petition to the extent of vacating the warrant unless a new preliminary hearing with respect to charges No. 1 and No. 2 were to be held on or before January 9, 1987.

Relator has appealed from so much of the court's judgment and order (hereinafter judgment) as permitted a new hearing. Respondent, New York State Division of Parole, has cross-appealed from so much of the judgment as granted the relief requested in the petition. The judgment has been stayed by this court pending determination of this appeal.

Executive Law § 259-i, which outlines the procedures to be followed in revocation of parole, was enacted to insure that a parolee is accorded basic due process before being returned to custody (see, Morrissey v Brewer, 408 US 471, 482-485; People ex rel. Calloway v Skinner, 33 NY2d 23, 31). The Parole Board, relying on 9 NYCRR 8004.3 (b),* argues that it has the power to impose the earliest delinquency date alleged in the charges even if probable cause of that charge was not presented at the preliminary parole revocation hearing. That interpretation cannot be applied to the facts in this case because relator's maximum expiration date occurred before there had been any proof of a violation that could interrupt the running of relator's sentence. Due process requires his release on his maximum expiration date, for to hold otherwise would allow a parolee to be detained on a charge for which there had been no finding of probable cause at a preliminary hearing.

The more difficult question arises on the appeal taken by relator from that portion of the judgment that conditions his release upon the failure to hold a preliminary hearing on

---

* This rule reads as follows: "The date of delinquency is the earliest date that a violation of parole is alleged to have occurred. The declaration of delinquency, when issued, interrupts the sentence as of the date of delinquency."

parole violation charge No. 1 or charge No. 2 on or before January 9, 1987.

Relator argues that the only appropriate remedy to rectify statutory violations with respect to a failure to hold a proper preliminary hearing is a vacatur, citing *People ex rel. Levy v Dalsheim* (48 NY2d 1019, *affg* 66 AD2d 827) and *People ex rel. Johnson v New York State Bd. of Parole* (71 AD2d 595). Respondent contends that those cases are not applicable here because a timely hearing was held, citing *People ex rel. Martinez v New York State Bd. of Parole* (56 NY2d 588) and *People ex rel. Gaskin v Smith* (55 AD2d 1004). However, none of these cases involves a situation where relator's original sentence had expired.

Thus, we conclude that the court erred in holding that relator should have been retained beyond his maximum expiration date to give the Board of Parole an opportunity to conduct a hearing. Section 259-i of the Executive Law sets forth the time limits that must be followed. The Board had the opportunity to present evidence at the preliminary hearing in support of charges No. 1 and No. 2 and elected not to do so. Relator alleges that he had evidence to refute said charges at the time of the hearing and had he been able to produce said evidence he would, under section 259-i (3) (c) (iii), have been entitled to a dismissal of the charges, which would have mandated his release on December 23, 1986. The Board should not be given another opportunity to submit proof. Prejudice to relator must be presumed.

Accordingly, relator should be released and the judgment should be modified by deleting that portion conditioning relator's release upon the holding of a preliminary hearing on charges No. 1 or No. 2 on or before January 9, 1987.

DILLON, P. J., CALLAHAN, GREEN and PINE, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with opinion by Lawton, J.