■ In the Matter of MARCELINO CRUZ, Appellant, v NEW YORK STATE DEPARTMENT OF PAROLE, Respondent. [622 NYS2d 603] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, dated December 7, 1992, which, after a hearing, revoked the petitioner's parole, the appeal is from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered December 14, 1993, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

On appeal, the petitioner contends that the determination of the New York State Board of Parole (sued herein as the New York State Department of Parole) to revoke his parole and incarcerate him for 48 months was arbitrary and capricious because he needs in-patient treatment for his alcoholism, not incarceration (see, Matter of Telefarro v Hammock, 84 AD2d 790). The decisions of the Board of Parole are discretionary, and if made in accordance with the statutory requirements, such determinations are not subject to judicial review (see, Executive Law § 259-i [5]; Matter of Augle v New York State Bd. of Parole, 192 AD2d 1031). We find that the 48-month period of incarceration imposed by the Board of Parole was not improper given the petitioner's criminal record and prior parole violations (see, Matter of Augle v New York State Bd. of Parole, supra). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.