THE PEOPLE OF THE STATE OF NEW YORK ex rel. KEITH TYLER, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [649 NYS2d 570] —Judgment unanimously affirmed without costs. Memorandum: Relator petitioned for a writ of habeas corpus, contending that he was denied his right to counsel at a final parole revocation hearing. Although relator purportedly waived his right to counsel and proceeded pro se at the hearing, Supreme Court determined that the Hearing Officer failed to conduct a searching inquiry to ensure that relator understood the dangers and disadvantages of pro se representation, and thus concluded that relator's waiver of the right to counsel was not knowingly, intelligently and voluntarily made. The court remitted the matter to the Division of Parole for a de novo hearing.

Relator contends that the court should have discharged him from custody pending the new hearing. He contends that,

under CPLR 7010, the court had three options: to grant the writ and discharge him from custody; if bail is excessive, to fix bail in an appropriate amount; or to dismiss the petition. We disagree. Having determined that relator is entitled to a new hearing, the court did not err in granting the writ without discharging him from custody and directing that relator be afforded a new hearing forthwith (*see, People ex rel. Newcomb v Metz*, 64 AD2d 219, 221; *People ex rel. Gaskin v Smith*, 55 AD2d 1004, 1006).

There is no merit to respondent's contention that this Court lacks jurisdiction because a notice of appeal was not timely filed. Relator filed a timely notice of appeal pursuant to a prior decision of this Court (*see, People ex rel. Tyler v New York State Div. of Parole*, 207 AD2d 1039). (Appeal from Judgment of Supreme Court, Cayuga County, Corning, J.—Habeas Corpus.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.