■ In the Matter of ALEXANDER LLULL, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [731 NYS2d 405] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 26, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of six years to life having been sentenced as a persistent felony offender following his conviction of the crime of criminal possession of a weapon in the third degree arising out of his August 1989 possession of five loaded handguns. In addition, petitioner was sentenced as a persistent felony offender to a concurrent prison term of two years to life resulting from his conviction of the crime of attempted criminal possession of a weapon in the third degree following his arrest in February 1990, when a search of the motor vehicle he was driving disclosed two loaded handguns and five plastic bags of cocaine.

Petitioner first appeared before the Board of Parole in 1998,

at which time his request for release was denied. He appeared before the Board a second time in February 2000, and his application for release was again denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. In general, decisions made by the Board are considered discretionary and will not be disturbed on judicial review so long as they comply with the statutory requirements (*see*, Executive Law § 259-i [5]; *see also*, *Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183; *Matter of Cruz v New York State Dept. of Parole*, 212 AD2d 699). Based upon our review of the record, we conclude that the Board considered all of the relevant statutory factors in denying petitioner's request for parole. While its decision was based principally on the serious nature of petitioner's crimes, his violation of the conditions of a previous sentence of parole and his extensive history of criminal behavior and drug abuse, the Board also took into account petitioner's positive institutional record and the constructive nature of the plans he hopes to implement following his release. The Board is not required to discuss each of the statutory factors in its decision (*see*, *Matter of Faison v Travis*, 260 AD2d 866, *appeal dismissed* 93 NY2d 1013), and we find that the requisite statutory factors were duly considered. Accordingly, there is no ground upon which to disturb the Board's determination.

Mercure, J. P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.