OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. The statutory presumption concerning possession of firearms in automobiles (Penal Law, § 265.15, subd 3), especially when coupled with the testimony of the arresting officers that, right after he was signaled to pull his car over to the side of the road, the petitioner first bent forward beneath his seat and then leaned over towards the passenger, was sufficient to support the hearing officer’s determination that the petitioner had violated the conditions of his parole by possessing the two guns. Moreover, since, as his decision expressly indicates, the hearing officer did not rely on the hearsay testimony of the police relating to the *663 oral statements made to them by the passenger as she stepped out of the automobile and soon thereafter at the station house, it is unnecessary for us to consider or decide the questions raised as to the alleged spontaneity of the first of these declarations or whether, as hearsay, their admission was proscribed by Morrissey v Brewer (408 US 471, 489). Nor, in view of the petitioner’s failure to request the hearing officer to direct that Police Officer Boorman produce his crime report or that the hearing be adjourned for that purpose, or, for that matter, to apply for similar relief with regard to the “notes or memorandum” referred to in the letter of September 19, 1979, is the question petitioner now wishes to raise in that regard preserved for our review.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, without costs, in a memorandum.