■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST BROWN, Appellant, v JOHN O'KEEFE, as Superintendent of Ogdensburg Correctional Facility, Respondent. — Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered August 27, 1984 in St. Lawrence County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was incarcerated on an unrelated charge when the State Division of Parole scheduled a hearing to determine whether there was probable cause to revoke his parole (see, Executive Law § 259-i [3] [c] [i]). The hearing was ultimately held on April 27, 1984 and probable cause was found. A final revocation hearing was scheduled for May 30, 1984, but was postponed a number of times until it was held on August 3, 1984. At that hearing, petitioner pointed out that the hearing was being held nine days beyond the 90-day time limit set forth in Executive Law § 259-i (3) (f) (i). The hearing officer did not rule on this contention.

Before administrative review of the parole revocation decision was completed, petitioner commenced this habeas corpus proceeding seeking to raise the timeliness issue. Special Term denied the application for a writ and this appeal by petitioner ensued.

During the pendency of this appeal, the Board of Parole, on appeal, reversed the decision revoking petitioner's parole on the ground that the hearing was untimely. Petitioner urges that this proceeding is not moot because this court has the power to order expungement of references to parole violation from his record (*see, People ex rel. Pignone v LeFevre,* 102 AD2d 877). However, unlike the situation in *Pignone,* petitioner never sought to have his record expunged. Indeed, he does not even allege that he has made such a request to the Board of Parole. The only relief sought by petitioner in this proceeding was that the decision revoking parole be reversed because the hearing was untimely. Since that relief has been provided by the Board of Parole, this proceeding is moot.

Appeal dismissed as moot, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.