■ In the Matter of WESLEY KIRK, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered May 17, 1985 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Board of Parole revoking petitioner's parole.

Petitioner was convicted in 1980 of possession of stolen property in the first degree and sentenced to a term of up to five years' imprisonment. He was paroled in November 1982 and, on February 20, 1983, was arrested for participating in the death of a four-month-old child. Petitioner was then indicted for murder in the second degree and was subsequently convicted of criminally negligent homicide. On September 23, 1983, petitioner was sentenced to a prison term of 2 to 4 years.

As a result of his arrest, a violation of parole release report was issued on February 22, 1983 charging petitioner with two violations of Parole Rule No. 8. Parole Rule No. 8 provides that petitioner would not "behave in such manner as to violate the provisions of any law to which [he is] subject which provide for a penalty of imprisonment * * * [or] threaten the safety or well-being of [himself] or others". After petitioner's conviction, a supplemental violation report was filed charging petitioner with a third violation of Parole Rule No. 8. The substance of the three charges claimed violations of Parole Rule No. 8 in that:

1. Petitioner's conduct on February 20, 1983 constituted murder in the second degree in violation of Penal Law § 125.25 (2).

2. Petitioner's conduct on February 20, 1983 threatened the safety and well-being of a four-month-old child.

3. Petitioner was convicted of criminally negligent homicide for his conduct on February 20, 1983.

At the final revocation hearing, petitioner and his attorney acknowledged receipt of the three charges. The violation reports and a certified copy of petitioner's commitment to the Department of Correctional Services were accepted into evidence. Petitioner objected to the acceptance of the commitment into evidence on the ground that it did not relate to the alleged violations in charge Nos. 1 and 2, i.e., he was convicted of criminally negligent homicide, not murder.

The decision of the hearing officer sustained all three charges against petitioner. Charge No. 1 was upheld "only to the extent that Parole Rule 8 has been proven to be sustained by the conviction for criminally negligent homicide and not to the extent that any greater act of Homicide is alleged". Charge No. 2 was sustained because "[t]he act of Criminally Negligent Homicide is something that does threaten the safety and well being of the victim and that is proven by the conviction". The hearing officer also sustained charge No. 3, finding that the conviction commitment was "sufficient proof of that charge". This determination was administratively upheld.

Petitioner thereafter commenced the instant CPLR article 78 proceeding challenging the determination on the grounds that the proof was insufficient, that he was found to have violated his parole on a charge which was not a part of the record and that the determination was arbitrary, capricious and an abuse of discretion. Special Term dismissed the peti-

tion, ruling, among other things, that the certificate of conviction was "prima facie evidence of an alleged violation [and] [t]hus there can be no valid claim by petitioner that the proof was insufficient to revoke his parole". This appeal ensued.

There should be an affirmance. The certificate of conviction was sufficient proof that petitioner violated Parole Rule No. 8. Charge No. 1 was sustained only to the extent of the conviction for criminally negligent homicide and not to the greater act of the homicide alleged. The certificate of conviction also established that petitioner committed acts which threatened the safety and well-being of the child as alleged in charge No. 2. As to charge No. 3, despite petitioner's claims, the charge was never withdrawn, although it was inadvertently overlooked by the hearing officer during most of the hearing. Petitioner, however, received notice of its content in the supplemental violation report. The certificate of conviction clearly established the violation of the charge No. 3. Petitioner's defense was such that the omission to fully consider charge No. 3 during the final revocation hearing was not prejudicial to him. The omission was harmless and due process requirements were satisfied. This procedural irregularity does not require reversal (see, Matter of Sowa v Looney, 23 NY2d 329, 335).

Petitioner's argument that the revocation of his parole was improper because it was not supported by a residuum of legally competent evidence is not well taken. "The governing standard under State law is no longer the 'legal residuum rule,' requiring some minimum quantity of admissible evidence to support an administrative determination. Rather, the question is whether the determination is supported by 'substantial evidence' (see, CPLR 7803 [4]; Matter of Eagle v Paterson, 57 NY2d 831, 833; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180) * * * [S]ubstantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (People ex rel. Vega v Smith, 66 NY2d 130, 139). The certificate of conviction in the instant case must, therefore, be viewed as sufficient to constitute substantial evidence to support the determination revoking petitioner's parole.

We reject petitioner's contention that he was denied due process because the "good cause" necessary to dispense with an accused's rights to confrontation and cross-examination of the witnesses against him was not found by the hearing officer (see, People ex rel. McGee v Walters, 62 NY2d 317, 322). Petitioner did not make this specific objection during the

hearing when the error could be corrected and, thus, did not preserve the issue for judicial review (see, Matter of Stanbridge v Hammock, 55 NY2d 661, 663; see also, People ex rel. Miller v Walters, 60 NY2d 899, 901; Matter of Herman v Blum 54 NY2d 677, 678). Moreover, the hearing officer did indicate that there was good cause to dispense with such right of confrontation and cross-examination when, in response to an objection by petitioner's attorney that the parole officer should testify, the hearing officer indicated that the case was based on the commitment to the Department of Correctional Services from Broome County Court. Clearly, the certificate of conviction established the violations of Parole Rule No. 8 charged against petitioner. Witnesses were not needed to prove the case against petitioner and would have added nothing. Thus, the "good cause" required by People ex rel. McGee v Walters (supra, p 322) is obviously present in the record.

We have considered petitioner's other arguments for reversal and find them unpersuasive.

Judgment affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.