■ In the Matter of CARL AUGLE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [597 NYS2d 213] —Appeal from a judgment of the Supreme Court (Cardona, J.), entered August 26, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent revoking petitioner's parole.

Petitioner was originally sentenced to 5 to 15 years' imprisonment after he pleaded guilty to the crime of attempted rape in the first degree. Petitioner was released to parole supervision and his parole was subsequently revoked. Petitioner was subsequently released again on parole. Petitioner was again found to have violated his parole, and respondent revoked his parole and directed that he be held for 36 months before being reconsidered for parole. Supreme Court dismissed petitioner's application to review respondent's determination. Petitioner appeals. We affirm.

Decisions by respondent regarding parole are discretionary and are not subject to judicial review if made in accordance with the law *(see,* Executive Law § 259-i [5]; *Matter of McKee v New York State Div. of Parole,* 157 AD2d 944). More particularly, in reviewing a parole revocation a court may not "move up the date of hearing for parole reconsideration in the absence of impropriety by [respondent]" *(People ex rel. Grimmick v McGreevy,* 141 AD2d 989, 990, *lv denied* 73 NY2d 702). We find that the 36-month time limit set by respondent for reconsideration for parole release in this case was not improper given petitioner's criminal record and prior parole violation; because an alleged agreement to a shorter holding time in exchange for petitioner's guilty plea "was not placed on the record at the time of the plea, it is not entitled to judicial recognition" *(People v Ramos,* 63 NY2d 640, 643).

Further, the recommendation by the Hearing Officer who presided over the revocation hearing that petitioner be held for eight months before being reconsidered was not binding upon respondent *(see,* 9 NYCRR 8005.20 [c] [1]; [d]; *People ex rel. Coleman v Smith,* 75 AD2d 706, *lv denied* 50 NY2d 804).

We also find petitioner's reliance on *People ex rel. Johnson v New York State Bd. of Parole* (180 AD2d 914) to be misplaced. In *Johnson,* this Court found that respondent's procedures allowing for automatic "Full Board Case Review" independent of the normal appeal process and without notice to the petitioner served to deny due process in that case. Central to our decision was the fact that the full board review took place before the administrative appeal process was completed and rendered that process futile *(see, supra,* at 916-917). By contrast, nothing in the instant case indicates that full board review took place prior to the administrative appeal or interfered with that review. We have considered petitioner's other arguments and find them to be without merit.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.