■ In the Matter of ROBERTO FLORES, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [620 NYS2d 141] —Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 11, 1994 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Petitioner's incarceration for a term of 12½ to 25 years stems from his conviction for manslaughter which arose out of an attempted robbery in which petitioner shot and killed the victim. At his initial parole release hearing, a panel of respondent stated that it was "favorably impressed and believes that the inmate is parolable. However, before * * * any final decision * * * there should be a mental health status report." Petitioner thereafter met with a different panel which ac-

knowledged reading the minutes of the prior proceeding and acknowledged that the mental health status evaluation had been performed. Nevertheless, the second panel denied parole for 24 months for the reason that "release at your initial would deprecate the severity of your criminal conduct".

Petitioner filed an administrative appeal contending that the second panel was required to center its decision on the mental status report that had been ordered by the first panel and the results of which were favorable to petitioner. Respondent denied the administrative appeal and petitioner commenced this proceeding to challenge the determination. Supreme Court dismissed the petition, resulting in this appeal.

Petitioner claims that both the second panel and respondent relied on erroneous information to the effect that he had fired first during the robbery attempt. The record dispels this claim. The panel stated, "you shot and killed your victim" and the statement is consistent with petitioner's version and also with the version in the parole summary, which added that "the victim did return fire striking the subject several times". The panel's statement is also consistent with petitioner's version, as reported in the summary, that "he fired at the victim after first being fired upon".

Petitioner's further claim is based on the different composition of the two panels. As a result of petitioner's failure to object before the second panel, the claim has not been preserved (see, Matter of Stanbridge v Hammock, 55 NY2d 661, 662). Moreover, we find no merit in petitioner's arguments. There is no requirement that the same members constitute the second panel as were on the first or that the second panel must follow the recommendation of the first. The first panel did not make a determination. It postponed the matter pending a mental status report.

Accordingly, the judgment should be affirmed.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.