■ In the Matter of JOHN GRAY, Petitioner, v BRION TRAVIS, as Commissioner of the New York State Division of Parole, Respondent. [657 NYS2d 118] —Proceeding pursuant to CPLR article

78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

In 1991 petitioner was convicted of the crime of assault in the second degree and was sentenced to a prison term of $2^1/_3$ to 7 years. In 1995 he was conditionally released on parole. Petitioner violated a term of his probation by consuming alcohol and he was reincarcerated without reconsideration for further parole until the maximum expiration date of his sentence, which amounted to 27 months. Petitioner contends, among other things, that the Board of Parole's determination was arbitrary and capricious and that the penalty was excessive. Decisions regarding revocation of parole are discretionary and are not subject to judicial review when made in accordance with the law (*see,* Executive Law § 259-i [5]; *see also, Matter of Cruz v New York State Dept. of Parole,* 212 AD2d 699; *Matter of Augle v New York State Bd. of Parole,* 192 AD2d 1031). The Attorney-General has informed this Court that petitioner was paroled on August 16, 1996 and, therefore, petitioner's contention that the penalty imposed is excessive is moot (*see generally, People ex rel. Brown v O'Keefe,* 111 AD2d 488, *lv denied* 65 NY2d 608; *but see, Lindsay v New York State Bd. of Parole,* 48 NY2d 883, 884; *People ex rel. Frisbie v Hammock,* 112 AD2d 721). Were we to consider this issue, we would find that the 27-month period of incarceration was not excessive. Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, Yesawich. Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.