■ In the Matter of KENNETH DARNELL, Appellant, v JOSEPH F. DAVID, as Superintendent of Greene Correctional Facility, et al., Respondents. [750 NYS2d 802] —Crew III, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 26, 2001 in Greene County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Following his conviction of robbery in the second degree in 1975 and robbery in the first degree in 1976, petitioner was sentenced to concurrent prison terms of 5 to 10 years and 7½ to 15 years, respectively. Although petitioner was released on parole in 1983, he was convicted of numerous other crimes in 1985 and 1986 and sentenced to an aggregate prison term of 7 to 14 years. Accordingly, a declaration of delinquency was issued, petitioner's parole was revoked and he was returned to the custody of the Department of Correctional Services, with a

maximum expiration date of August 13, 2005. Petitioner was paroled again in January 1999 and, one year later, was charged with violating certain conditions of that parole. Petitioner pleaded guilty to violating condition nine of his parole and, ultimately, the Board of Parole revoked petitioner's parole and imposed a hold period of 24 months. Following an unsuccessful administrative appeal, petitioner commenced this proceeding seeking to challenge the underlying determination. Supreme Court partially granted the petition, to the extent of remitting the matter to the Board for consideration of the hold period in light of only the charge to which petitioner pleaded guilty, and dismissed it in all other respects. This appeal ensued.

We affirm. Petitioner's primary contention on appeal is that the 24-month hold period imposed following revocation of his parole was illegal inasmuch as it resulted in his incarceration beyond the maximum expiration date, which he erroneously contends was February 7, 1999. However, given that petitioner was released on parole in January 2002 and no longer is in custody, his challenge to the 24-month hold period is moot (*see Matter of Gray v Travis*, 239 AD2d 631, 632). To the extent that petitioner argues that he did not receive official notice of the declaration of delinquency when his parole first was revoked in 1985, this claim is untimely inasmuch as petitioner plainly became aware of such revocation upon his reincarceration, which occurred well before this proceeding was commenced in October 2000 (*see Matter of Cardwell v Travis*, 277 AD2d 571, 571-572). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.