◼ In the Matter of DARRYL BOYD, Petitioner, v BRION D. TRAVIS, as Chairman of New York State Division of Parole, Respondent. [775 NYS2d 923]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, entered November 12, 2003 in Erie County [Russell P. Buscaglia, A.J.]) to review a determination of respondent. The determination found after a final parole revocation hearing that petitioner had violated parole and revoked petitioner's parole release.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: The determination that petitioner violated the conditions of his parole is supported by substantial evidence (*see Matter of Prodromidis v McCoy*, 292 AD2d 769 [2002]). Petitioner failed to preserve for our review his contentions relating to respondent's alleged failure to produce or offer into evidence a written copy of the special condition he was charged with violating (*see Matter of Stanbridge v Hammock*, 55 NY2d 661, 663 [1981]). In any event, petitioner failed to exhaust his administrative remedies with respect to those contentions (*see People ex rel. McDaniel v Travis*, 288 AD2d 940, 941 [2001], *lv denied* 97 NY2d 613 [2002]; *Matter of Boyer v Chairman, New York State Parole Bd.*, 199 AD2d 584 [1993]). We reject the further contention of petitioner that he was denied meaningful representation on his administrative appeal (*see generally People ex rel. McCrory v Rodriguez*, 191 AD2d 664 [1993]). Present— Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.