◼ In the Matter of DARRELL SHAW, Petitioner, v TIMOTHY J. MURRAY, as Superintendent of Gowanda Correctional Facility, Respondent. [808 NYS2d 844]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Mario J. Rossetti, A.J.], entered April 14, 2005) to review a determination of respondent. The determination revoked petitioner's parole.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Contrary to the contention of petitioner, the determination of the New York State Board of Parole that he violated a condition of his parole by possessing an antique pistol is supported by substantial evidence. The "conduct of a parolee

which is less than criminal conduct may result in a revocation of parole where such conduct is proscribed by the conditions imposed by his parole" (*People ex rel. Walker v Hammock*, 78 AD2d 369, 372-373 [1981]; *see also People ex rel. Maggio v Casscles*, 28 NY2d 415, 418 [1971]). Here, a condition of petitioner's parole proscribed petitioner from possessing "firearm[s] of any type," and thus the determination that petitioner's possession of the pistol at issue violated that condition is supported by substantial evidence (*see generally Matter of Fuller v Berbary*, 13 AD3d 1152 [2004]; *People ex rel. Fryer v Beaver*, 292 AD2d 876 [2002]). Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.