In the Matter of CARLOS SOLANO, Petitioner, v WILLIAM MAZZUCA et al., Respondents. [832 NYS2d 282]—

Proceeding pursuant to CPLR article 78 to review two determinations of the New York State Department of Correctional Services, both dated December 23, 2004, which (1) af-

firmed a determination of a hearing officer dated October 14, 2004, made after a Tier III superintendent's hearing, finding that the petitioner had violated institutional rules, and imposing penalties, and (2) modified a determination of a hearing officer dated October 21, 2004, made after a Tier III superintendent's hearing, finding that the petitioner had violated institutional rules, and imposing penalties.

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

During his temporary release from Lincoln Correctional Facility (hereinafter Lincoln), the petitioner left several voicemail messages on his wife's telephone, threatening to kill her. The petitioner's parole officer investigated the matter, listened to the messages and, by telephone, directed the petitioner to report to Lincoln immediately. The petitioner failed to return to Lincoln, either on that day or two days later when his period of temporary release expired, and he was apprehended approximately five months later. The petitioner was charged, in two separate inmate misbehavior reports, with violating various institutional rules of conduct. At the conclusion of disciplinary hearings, the petitioner was found guilty of most of the charges, and penalties were imposed. After pursuing an administrative appeal to the Department of Correctional Services, the petitioner commenced this CPLR article 78 proceeding, challenging the agency's determinations. We confirm the determinations.

Contrary to the petitioner's contention, the two charges of violating temporary release program rules, one asserted in each inmate misbehavior report, were not duplicative (see *Matter of Rowlett v Coombe*, 242 AD2d 798, 799 [1997]; *Matter of Crandall v Coughlin*, 219 AD2d 823 [1995]). The first charge, involving the time before the expiration of the period of temporary release, related to the petitioner's failure to report to Lincoln immediately, as directed by the parole officer. The second charge, involving the time after the petitioner was apprehended, related to his failure to return to Lincoln upon the expiration of his temporary release period.

The charges of harassment and making threats were supported by substantial evidence (see *Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *Matter of Alston v Goord*, 25 AD3d 852 [2006]). The testimony of the parole officer, who listened to the messages left by the petitioner and made verbatim notes of the messages, was sufficient to support the finding of guilt on those charges.

The penalties imposed upon the petitioner, as modified upon the administrative appeal, are not "so shocking to one's sense of fairness as to be excessive" (*Matter of Williams v Goord*, 37 AD3d 948 [ 2007]).

The petitioner's remaining contentions are not properly before this Court (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]), and in any event, are without merit. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.