■ In the Matter of DARRELL JOHNSON, Petitioner, v GEORGE ALEXANDER, Chairman, New York State Division of Parole, Respondent. [872 NYS2d 819]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered July 17, 2008) to annul a determination. The determination revoked petitioner's release to parole supervision.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) revoking his release to parole supervision based upon his violation of the conditions of parole. "[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999], *rearg denied* 93 NY2d 1000 [1999]). Here, we conclude that the testimony of the witnesses at the parole revocation hearing, including petitioner's counselor in the high impact incarceration program, provides substantial evidence to support the ALJ's determination (*see Matter of Solano v Mazzuca*, 38 AD3d 789, 790 [2007]; *Matter of Prodromidis v McCoy*, 292 AD2d 769 [2002]; *see also People ex rel. Fryer v Beaver*, 292 AD2d 876 [2002]). The testimony of petitioner that he did not threaten the parole officer merely presented a credibility issue that the ALJ was entitled to resolve against petitioner (*see Matter of Williams v New York State Div. of Parole*, 23 AD3d 800 [2005]; *Matter of Ciccarelli v New York State Div. of Parole*, 11 AD3d 843, 844 [2004]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.