■ In the Matter of THOMAS LOZADA, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [877 NYS2d 552]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered November 10, 2008) to annul a determination. The determination revoked petitioner's release to parole supervision.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) revoking his release to parole supervision based upon his refusal to continue his participation in a

drug treatment campus program. According to petitioner, his medical records would have supported his refusal, and the ALJ therefore erred in failing to consider those records before issuing her determination. We note that petitioner did not present the records at the final parole revocation hearing or request an adjournment to enable him to submit them, and he thus failed to preserve his contention for our review (see *Matter of Stanbridge v Hammock*, 55 NY2d 661, 663 [1981]; *Matter of Boyd v Travis*, 6 AD3d 1237 [2004]; *Matter of Kirk v Hammock*, 119 AD2d 851, 853-854 [1986]).

We reject petitioner's further contention that the determination is not supported by substantial evidence. "[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999], *rearg denied* 93 NY2d 1000 [1999]; see *Matter of Johnson v Alexander*, 59 AD3d 977 [2009]). Here, respondent's witness and petitioner testified that petitioner refused to participate in the program despite the fact that medical staff had not disqualified him or given him a "medical relief." In the absence of petitioner's medical records, the testimony of petitioner that he was physically unable to participate "merely presented a credibility issue that the ALJ was entitled to resolve against petitioner" (*Johnson*, 59 AD3d at 978). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.