■ In the Matter of ALBERT BELL, Appellant, v HENRY LEMONS, as Chair of the Division of Parole, Respondent. [910 NYS2d 701]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered December 10, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of murder in the second degree in 1978 and was sentenced to a prison term of 15 years to life. He was released to parole supervision and that parole was revoked on two occasions, the second of which arose from his commission of a crime and resulted in the imposition of a 36-month hold. Parole release was granted a third time and, in 2005, petitioner failed to report to his parole officer and did not complete a required drug treatment program. Petitioner absconded but, after his arrest on new criminal charges in 2006, was charged with violating the conditions of his parole. Following a hearing, he was found guilty of three charges related to his failure to report and participate in drug treatment, and a delinquent time assessment of 120 months was imposed. That determination was affirmed upon administrative appeal, and petitioner commenced the present CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner solely argues that the delinquent time assessment imposed by the Board of Parole was excessive or an abuse of discretion. The Executive Law does not place an outer limit on the length of that assessment, and the Board's determi-

nation may not be modified upon judicial review "in the absence of impropriety" (*People ex rel. Grimmick v McGreevy*, 141 AD2d 989, 990 [1988], *lv denied* 73 NY2d 702 [1988]; *see Matter of Augle v New York State Bd. of Parole*, 192 AD2d 1031, 1031 [1993]). The Board considered the appropriate factors here and, given petitioner's violent criminal record and his recurrent disregard for the conditions of his parole, we perceive nothing improper in the assessment imposed (*see Matter of Torres v New York State Div. of Parole*, 58 AD3d 1039, 1040 [2009]; *Matter of Isaac v New York State Div. of Parole*, 222 AD2d 913 [1995]; *Matter of Augle v New York State Bd. of Parole*, 192 AD2d at 1031).

Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.