relationships between parents and their children (*see generally Troxel v Granville*, 530 US 57, 66 [2000]; *Pizzuto v County of Nassau*, 240 F Supp 2d 203, 209-211 [2002]).

We conclude that petitioner's contention that the charges were insufficiently specific to put him on notice thereof "was the subject of a separate unsuccessful CPLR article 78 proceeding and, as such, is precluded by the doctrine of collateral estoppel" (*Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163 [2010]; *see generally Town of Union v Pallet Co.*, 50 AD2d 628, 629 [1975], *lv denied* 38 NY2d 710 [1976]). We further conclude that the record contains substantial evidence to support the determination with respect to all of the charges (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Finally, we have considered petitioner's remaining contentions and conclude that they are without merit, or are not properly before us because they involve a second set of charges that were not the subject of the determination before us. Present—Scudder, P.J., Centra, Green, Gorski and Martoche, JJ.

■ In the Matter of HENRY HUDSON, Petitioner, v ANDREA W. EVANS, Chairwoman, New York State Division of Parole, Respondent. [934 NYS2d 915]—

It is hereby ordered that said proceeding is unanimously dismissed without costs as moot (*see Matter of Darnell v David*, 300 AD2d 766, 767 [2002]). Present—Scudder, P.J., Centra, Green, Gorski and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. COLLINS, Appellant. [935 NYS2d 266]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY F. WILSON, Appellant. [934 NYS2d 915]—