■ In the Matter of CHARLES MURCHISON, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [935 NYS2d 741]—

"The Executive Law does not place an outer limit on the length of [the time] assessment, and the Board's determination may not be modified upon judicial review 'in the absence of impropriety' " (*Matter of Bell v Lemons*, 78 AD3d 1393, 1393-1394 [2010], quoting *People ex rel. Grimmick v McGreevy*, 141 AD2d 989, 990 [1988], *lv denied* 73 NY2d 702 [1988]). Under the circumstances presented here, we cannot conclude that the Board engaged in impropriety. Petitioner's criminal record reveals that he committed brutal sexual assaults against two young women, ages 13 and 17, using force. Moreover, he was prohibited from having contact with persons under 18 years of age as a condition of his parole, but admittedly did so by being

in the presence of his girlfriend's two minor children who he brought along with his girlfriend to the parole office without authorization. In view of the foregoing, we do not find that the time assessment was excessive (*see Matter of Davis v New York State Bd. of Parole*, 81 AD3d 1020, 1021 [2011]).

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.