# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**156**

**TP 12-01404**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ANTONIO WILSON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANDREA W. EVANS, CHAIRWOMAN, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered July 27, 2012) to review a determination of respondent.  The determination revoked the parole of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) revoking his release to parole supervision.  "[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992, *lv dismissed* 93 NY2d 886, *rearg denied* 93 NY2d 1000; *see Matter of Lozada v New York State Div. of Parole*, 61 AD3d 1393, 1394).  We conclude that the determination that petitioner violated the conditions of his release by consuming alcohol is supported by substantial evidence (*see generally Matter of Shaw v Murray*, 24 AD3d 1268, 1269, *lv denied* 6 NY3d 712).  Among the evidence presented at the final parole revocation hearing was a signed form in which petitioner acknowledged that he consumed alcohol in violation of the conditions of his release.  Additionally, the parole officer who prepared the form for petitioner's signature denied that petitioner was coerced or encouraged to sign the form.  Petitioner's testimony that he had not consumed alcohol since his release from prison and that he was coerced into signing the acknowledgment form "merely presented a credibility issue that the ALJ was entitled to resolve against petitioner" (*Matter of Johnson v Alexander*, 59 AD3d

977, 978; *see Matter of Hampton v Kirkpatrick*, 82 AD3d 1639, 1639).
We have reviewed petitioner's remaining contentions with regard to the
evidence supporting the ALJ's determination and conclude that they are
without merit.

Petitioner's further contention that the ALJ should have
adjourned the hearing to seek more information regarding the
intoximeter's maintenance and to seek an expert opinion is unpreserved
for our review inasmuch as petitioner failed to request an adjournment
(*see generally Lozada*, 61 AD3d at 1394; *see also Matter of Stanbridge
v Hammock*, 55 NY2d 661, 663).

We reject petitioner's contention that the 30-month time
assessment imposed against him is excessive.  Petitioner correctly
acknowledges that "[t]he Executive Law does not place an outer limit
on the length of [the time] assessment [that may be imposed], and the
[ALJ's] determination may not be modified upon judicial review in the
absence of impropriety" (*Matter of Murchison v New York State Div. of
Parole*, 91 AD3d 1005, 1005 [internal quotation marks omitted]; *see
generally People ex rel. Matthews v New York State Div. of Parole*, 58
NY2d 196, 205).  Under the circumstances of this case, including the
fact that petitioner committed the violation only two days after his
release, we discern no impropriety here.  Finally, the record does not
support petitioner's contention that he was denied effective
assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 146-
147; *Matter of McDonald v Russi*, 213 AD2d 650, 650).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court