# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**808**

**TP 13-00271**

PRESENT: CENTRA, J.P., SCONIERS, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF CESAR ROSA, PETITIONER,

                    V                               MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered February 4, 2013) to review a determination of
respondent. The determination revoked petitioner's release to parole
supervision.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of the Administrative Law Judge
(ALJ) revoking his release to parole supervision. " '[I]t is well
settled that a determination to revoke parole will be confirmed if the
procedural requirements were followed and there is evidence [that], if
credited, would support such determination' " (*Matter of Wilson v
Evans*, 104 AD3d 1190, 1190). We conclude that the ALJ's determination
that petitioner violated the conditions of his parole by exposing his
penis and masturbating in a public library is supported by substantial
evidence (*see generally id.*). In making that determination, the ALJ
was entitled to credit the testimony of respondent's witnesses and
reject petitioner's version of the events (*see Matter of Mosley v
Dennison*, 30 AD3d 975, 976, *lv denied* 7 NY3d 712). Contrary to
petitioner's contention, we conclude that he received meaningful
representation at the final parole revocation hearing (*see Matter of
James v Chairman of N.Y. State Bd. of Parole*, 106 AD3d 1300, 1300).
We reject petitioner's further contention that the 72-month time
assessment imposed against him is excessive. "The Executive Law does
not place an outer limit on the length of that assessment, and the
[ALJ's] determination may not be modified upon judicial review 'in the

absence of impropriety' " (*Matter of Bell v Lemons*, 78 AD3d 1393, 1393-1394; *see Wilson*, 104 AD3d at 1191).  Here, the ALJ considered the appropriate factors and, "given petitioner's violent criminal record and his recurrent disregard for the conditions of his parole, we perceive nothing improper in the assessment imposed" (*Bell*, 78 AD3d at 1394).

Entered:  July 19, 2013                              Frances E. Cafarell
                                                     Clerk of the Court