Proceeding pursuant to CPLR article 78 (transferred to the *1228 Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered February 4, 2013) to review a determination of respondent. The determination revoked petitioner’s release to parole supervision.
It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) revoking his release to parole supervision. “ ‘[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination’ ” (Matter of Wilson v Evans, 104 AD3d 1190, 1190 [2013]). We conclude that the ALJ’s determination that petitioner violated the conditions of his parole by exposing his penis and masturbating in a public library is supported by substantial evidence (see generally id.). In making that determination, the ALJ was entitled to credit the testimony of respondent’s witnesses and reject petitioner’s version of the events (see Matter of Mosley v Dennison, 30 AD3d 975, 976 [2006], lv denied 7 NY3d 712 [2006]). Contrary to petitioner’s contention, we conclude that he received meaningful representation at the final parole revocation hearing (see Matter of James v Chairman of the N.Y. State Bd. of Parole, 106 AD3d 1300, 1300 [2013]). We reject petitioner’s further contention that the 72-month time assessment imposed against him is excessive. “The Executive Law does not place an outer limit on the length of that assessment, and the [ALJ’s] determination may not be modified upon judicial review ‘in the absence of impropriety’ ” (Matter of Bell v Lemons, 78 AD3d 1393, 1393-1394 [2010]; see Wilson, 104 AD3d at 1191). Here, the ALJ considered the appropriate factors and, “given petitioner’s violent criminal record and his recurrent disregard for the conditions of his parole, we perceive nothing improper in the assessment imposed” (Bell, 78 AD3d at 1394). Present — Centra, J.E, Sconiers, Valentino, Whalen and Martoche, JJ.