# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1247**
**TP 15-00723**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF JOHN HORACE, PETITIONER,

V                                                          MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Michael M.
Mohun, A.J.], entered April 24, 2015) to review a determination of
respondent. The determination revoked the parole of petitioner.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination revoking his parole release and
remanding him to serve another 42 months of incarceration. We note at
the outset that Supreme Court erred in transferring the matter to this
Court inasmuch as this proceeding does not involve a substantial
evidence issue (*see* CPLR 7803 [4]; 7804 [g]). "A substantial evidence
issue 'arises only where a quasi-judicial hearing has been held and
evidence [has been] taken pursuant to law' . . . and[, here,] no
hearing was held" (*Matter of Scherz v New York State Dept. of Health*,
93 AD3d 1302, 1303). We nevertheless review the merits of the
petition in the interest of judicial economy (*see Scherz*, 93 AD3d at
1303; *Matter of Moore v Alexander*, 53 AD3d 747, 748 n 2, *lv denied* 11
NY3d 710).

Contrary to petitioner's contention, we conclude that his plea to
the parole violations was knowing, voluntary and intelligent inasmuch
as "[p]etitioner was represented by counsel . . . and the
Administrative Law Judge explained to him the substance of the plea
agreement, which he indicated that he understood" (*Matter of James v
Chairman of the N.Y. State Bd. of Parole*, 106 AD3d 1300, 1300; *see
Matter of Steele v New York State Div. of Parole*, 123 AD3d 1170,

1170).

Petitioner further contends that the plea allocution was insufficient because he was never asked to admit that he violated one or more conditions of parole "in an important respect" (Executive Law § 259-i [3] [f] [x]; *see* 9 NYCRR 8005.20 [b]; *see also Matter of DeFina v New York State Div. of Parole*, 27 Misc 3d 170, 178). We reject that contention. As a preliminary matter, we note that petitioner's "guilty plea, standing alone, is 'sufficient to provide a rational basis for the finding of guilt as to the charged violation[s]' " (*Matter of Ramos v New York State Div. of Parole*, 300 AD2d 852, 854; *see Matter of Fuller v Goord*, 299 AD2d 849, 849-850, *lv dismissed* 100 NY2d 531). Moreover, the facts underlying those charged violations establish the severity of petitioner's violations. Petitioner was convicted of, inter alia, rape in the first degree based on evidence that he impregnated a comatose patient at a nursing facility while she was under his care (Penal Law § 130.35 [2]; *People v Horace*, 277 AD2d 957, *lv denied* 96 NY2d 784). In admitting to numerous violations of the conditions of parole, petitioner admitted that, in the eight months since his release, he had possessed sexually explicit DVDs, ordered and possessed sexual enhancement drugs and/or medications, and possessed numerous handwritten pages documenting research on "date-rape" drugs. As a result of those violations, and other misconduct, petitioner had also been discharged from his sexual offender treatment program. In our view, the violations to which petitioner admitted are violations in an important respect inasmuch as they "are of a kind that bespeak a serious threat to public safety" (*People ex rel. Gaskin v Smith*, 55 AD2d 1004, 1006; *cf. DeFina*, 27 Misc 3d at 178-179).

Contrary to petitioner's final contention, the time assessment of 42 months is not unduly harsh and severe. For a category 1 violator, such as petitioner (*see* 9 NYCRR 8005.20 [c] [1] [iv]), the minimum time assessment must be either 15 months or a hold to the "maximum expiration of the sentence, whichever is less" (9 NYCRR 8005.20 [c] [1]). "The Executive Law does not place an outer limit on the length of that assessment, and [respondent's] determination may not be modified upon judicial review 'in the absence of impropriety' " (*Matter of Bell v Lemons*, 78 AD3d 1393, 1393-1394; *see* Executive Law § 259-i [3] [f] [x]; [g]; *Matter of Rosa v Fischer*, 108 AD3d 1227, 1228, *lv denied* 22 NY3d 855). Under the circumstances of this case, including the nature of the underlying charges as well as the severity and multitude of violations, we conclude that there was no impropriety here and, thus, there is no reason to modify the 42-month time assessment (*see Matter of Krouth v New York State Bd. of Parole*, 184 AD2d 1012, 1013, *lv denied* 80 NY2d 758).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court