# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**882**
**CA 15-01076**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF TROY WASHINGTON,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 13, 2015 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ) revoking his release to parole supervision. Even assuming, arguendo, that petitioner has not abandoned on appeal his contention that the ALJ relied on erroneous information in determining the time assessment to be imposed (*see generally Ciesinski v Town of Aurora,* 202 AD2d 984, 984), we conclude that petitioner failed to preserve that contention for our review inasmuch as he did not bring the alleged error to the ALJ's attention at a time "when the error could [have been] corrected" (*Matter of Kirk v Hammock*, 119 AD2d 851, 854; *see Matter of Bowes v Dennison*, 20 AD3d 845, 846). In any event, there is no indication that the ALJ relied on the allegedly inaccurate information in determining the time assessment to be imposed (*see Matter of Boccadisi v Stanford*, 133 AD3d 1169, 1170-1171; *cf. Matter of Henry v Dennison*, 40 AD3d 1175, 1175).

Contrary to the further contention of petitioner, the 36-month time assessment imposed against him is not excessive. It is well settled that "[t]he Executive Law does not place an outer limit on the length of that assessment, and [respondent's] determination may not be modified upon judicial review in the absence of impropriety" (*Matter of Horace v Annucci*, 133 AD3d 1263, 1265 [internal quotation marks omitted]; *see* Executive Law § 259-i [3] [f] [x]; [g]; *Matter of Wilson v Evans*, 104 AD3d 1190,

1191). Petitioner was a category 1 violator (*see* 9 NYCRR 8005.20 [c] [1] [v]), and thus "the minimum time assessment [was required to] be either 15 months or a hold to the 'maximum expiration of the sentence, whichever [was] less' " (*Horace*, 133 AD3d at 1265, quoting 9 NYCRR 8005.20 [c] [1]). Under the circumstances of this case, including the nature of the underlying charge as well as the nature of the violations, including the "ongoing" nature of petitioner's drug use, we conclude that there was no impropriety, and thus no reason to modify the 36-month time assessment.

Entered: November 10, 2016

Frances E. Cafarell
Clerk of the Court