# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**249**
**TP 16-01478**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF MICHAEL LAFFERTY, PETITIONER,

V                                                   MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Michael M.
Mohun, A.J.], entered August 26, 2016) to review a determination of
respondent.  The determination revoked petitioner's parole.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of the Administrative Law Judge
(ALJ) revoking his release to parole supervision.  We reject
petitioner's contention that Supreme Court improperly transferred this
matter to this Court.  Preliminarily, we note that petitioner confuses
the regulations applicable to an administrative appeal to the Board of
Parole pursuant to 9 NYCRR part 8006 with the rules that apply to a
CPLR article 78 proceeding.  To the extent that petitioner challenges
the sufficiency of the evidence presented during the contested final
parole revocation hearing regarding charge 5, we agree with respondent
that the court properly transferred the matter to this Court.

Turning to petitioner's contention regarding the sufficiency of
the evidence presented in support of charge 5, which alleges that
petitioner intentionally and knowingly possessed a sexual performance
by a child less than 16 years of age, we conclude that petitioner
failed to preserve his contention that there is insufficient evidence
that the children depicted in the images of child pornography found on
petitioner's computer were under the age of 16.  Indeed, defense
counsel conceded that the images found on petitioner's computer and
admitted in evidence "certainly would constitute child pornography.

We're not going to quibble over that. The images are disgusting. There is no question about that" (*see Matter of Washington v Annucci*, 144 AD3d 1541, 1542; *Matter of Kirk v Hammock*, 119 AD2d 851, 853-854; *see also Matter of McCollum v Fischer*, 61 AD3d 1194, 1194, *lv denied* 13 NY3d 703).

In any event, "[i]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination" (*Matter of Rosa v Fischer*, 108 AD3d 1227, 1228, *lv denied* 22 NY3d 855 [internal quotation marks omitted]). We conclude that the ALJ's determination that petitioner intentionally and knowingly possessed a sexual performance by a child less than 16 years of age is supported by substantial evidence, namely, 12 images of child pornography found on petitioner's computer, as well as the testimony of law enforcement officers who found 60 images of child pornography on petitioner's computer.

We reject petitioner's further contention that the 48-month time assessment imposed against him is excessive. "The Executive Law does not place an outer limit on the length of that assessment, and the [ALJ's] determination may not be modified upon judicial review in the absence of impropriety" (*Rosa*, 108 AD3d at 1228 [internal quotation marks omitted]; *see Matter of Bell v Lemons*, 78 AD3d 1393, 1393-1394). Here, the ALJ considered the appropriate factors and, "given petitioner's violent criminal record and his . . . disregard for the conditions of his parole, we perceive nothing improper in the assessment imposed" (*Rosa*, 108 AD3d at 1228 [internal quotation marks omitted]; *see Bell*, 78 AD3d at 1394).

Petitioner's remaining contentions are without merit.

Entered: March 24, 2017

Frances E. Cafarell
Clerk of the Court