Matter of Bidwell v Stanford (2020 NY Slip Op 01775)





Matter of Bidwell v Stanford


2020 NY Slip Op 01775


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


225 TP 19-01940

[*1]IN THE MATTER OF AMANDA BIDWELL, PETITIONER,
v
TINA M. STANFORD, CHAIRWOMAN OF NEW YORK STATE BOARD OF PAROLE, RESPONDENT. 






LAW OFFICE OF GEORGE F. ANEY, HERKIMER (FRANK L. MADIA OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [David A. Murad, J.], entered October 11, 2019) to review a determination of respondent. The determination revoked petitioner's release to parole supervision. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking her release to parole supervision. " [I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination' " (Matter of Wilson v Evans, 104 AD3d 1190, 1190 [4th Dept 2013]; see Matter of Rosa v Fischer, 108 AD3d 1227, 1228 [4th Dept 2013], lv denied 22 NY3d 855 [2013]). We conclude that the Administrative Law Judge's (ALJ) determination that petitioner violated the conditions of her parole by attempting to escape custody and failing to successfully complete an inpatient treatment program is supported by substantial evidence (see generally Matter of Tambadou v Annucci, 151 AD3d 1699, 1700 [4th Dept 2017]). In making that determination, the ALJ was entitled to credit the testimony of respondent's witnesses and reject petitioner's version of the events (see id. at 1700; Matter of Johnson v Alexander, 59 AD3d 977, 978 [4th Dept 2009]), and he was entitled to consider hearsay evidence (see Matter of Johnson v Thompson, 134 AD3d 1404, 1405 [4th Dept 2015]; Matter of Prodromidis v McCoy, 292 AD2d 769, 769-770 [4th Dept 2002];
People ex rel. Saafir v Mantello, 163 AD2d 824, 825 [4th Dept 1990]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court