Matter of Shoga v Annucci (2021 NY Slip Op 04837)





Matter of Shoga v Annucci


2021 NY Slip Op 04837


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


512 TP 21-00090

[*1]IN THE MATTER OF ALEX SHOGA, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered January 11, 2021) to review a determination of respondent. The determination revoked petitioner's release to parole supervision. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his parole release and remanding him to serve another 25 months of incarceration. We note at the outset that Supreme Court erred in transferring the matter to this Court inasmuch as petitioner did not allege in his amended petition that the determination is not supported by substantial evidence (see CPLR 7804 [g]; Matter of Rodriguez v Annucci, 120 AD3d 1579, 1580 [4th Dept 2014]). We nevertheless review the merits of the amended petition in the interest of judicial economy (see Matter of Horace v Annucci, 133 AD3d 1263, 1264 [4th Dept 2015]; Rodriguez, 120 AD3d at 1580).
As a preliminary matter, petitioner correctly contends that his subsequent release to parole does not render this proceeding moot inasmuch as his status as a parole violator "may have lasting consequences" (Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983]; see Matter of Putnam County Probation Dept. v Dimichele, 120 AD3d 820, 820 [2d Dept 2014]). Petitioner's release to parole does, however, render moot his contention that the penalty was excessive (see Matter of Gray v Travis, 239 AD2d 631, 632 [3d Dept 1997]; see also Matter of Darnell v David, 300 AD2d 766, 767 [3d Dept 2002]).
" '[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination' " (Matter of Wilson v Evans, 104 AD3d 1190, 1190 [4th Dept 2013]; see Matter of Lozada v New York State Div. of Parole, 61 AD3d 1393, 1394 [4th Dept 2009]). Although petitioner raises a substantial evidence issue in the brief presented to this Court, "we are unable to address th[at] issue[] because he failed to raise [it] on his administrative appeal and thus failed to exhaust his administrative remedies with respect to [that issue]" (Matter of Wearen v Deputy Supt. Bish, 2 AD3d 1361, 1362 [4th Dept 2003]; cf. Matter of Adams v New York State Dept. of Corr. & Community Supervision, 151 AD3d 1770, 1771 [4th Dept 2017], appeal dismissed 30 NY3d 1007 [2017]).
With respect to petitioner's remaining contentions, we conclude that all of the procedural requirements were followed and that he was not denied due process. There is no support in the record for "the contention of petitioner that the . . . determination [of the Administrative Law [*2]Judge (ALJ)] was influenced by any alleged bias against petitioner" (Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [4th Dept 2011]; see Matter of Hampton v Kirkpatrick, 82 AD3d 1639, 1639-1640 [4th Dept 2011]). In addition, there is no support in the record for petitioner's contention that the ALJ "usurped the role of the prosecution, thereby depriving him of due process" (Rodriguez, 120 AD3d at 1580), or imposed a higher penalty "in retaliation for petitioner exercising his right to a hearing" (Matter of Rago v Alexander, 60 AD3d 1123, 1124 [3d Dept 2009]).
Finally, we reject petitioner's contention that the ALJ denied petitioner his right to counsel. "A parolee receives . . . effective assistance of counsel when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (Matter of Bond v Stanford, 171 AD3d 1320, 1321 [3d Dept 2019], lv denied 34 NY3d 902 [2019] [internal quotation marks omitted]; see Matter of Wilson v Evans, 104 AD3d 1190, 1191 [4th Dept 2013]). Petitioner's contention that he was denied the right to confer with counsel and was thus denied effective assistance of counsel "is belied by the record, which reflects that petitioner was afforded meaningful representation" (Matter of Partee v Stanford, 159 AD3d 1294, 1295 [3d Dept 2018]; see Matter of Rosa v Fischer, 108 AD3d 1227, 1228 [4th Dept 2013], lv denied 22 NY3d 855 [2013]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court